# In the United States Court of Federal Claims

Nos. 23-2168 & 23-2169
Filed: February 26, 2025
Re-issued: February 27, 2025[1]

|  |  |
|---|---|
| JVP & C. DEVELOPMENT S.A. – ERGOTEM S.A. and ERGOTEM S.A.,  *Plaintiffs*, v. THE UNITED STATES,  *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## OPINION AND ORDER

The United States Navy maintains a facility, Camp Lemonnier, in the country of Djibouti. These cases, consolidated for the purposes of discovery, involve two contracts for work at the camp. The Navy awarded the first contract to Ergotem S.A. to construct a fuel storage facility. This is the contract at issue in Case No. 23-2169. The Navy awarded the second contract to perform work on a medical facility to a joint venture between JVP & C. Development S.A. and Ergotem (collectively, the "JV"). This is the contract at issue in Case No. 23-2168. The Navy terminated both contracts for default after extended delays, and both Plaintiffs seek to convert their terminations to ones for convenience and for damages.

On February 6, 2025, the Government filed a motion for leave to file an amended answer to the complaint in Case No. 23-2169 in which it would assert an affirmative defense and fraud counterclaims. ECF No. 35. In its motion, the Government also requested expedited briefing, a stay of discovery, and the court vacate the deadlines in its scheduling order, ECF No. 21. ECF No. 35 at 1. The court held a status conference in this matter to discuss the Government's motion on February 13, 2025, and Ergotem and the JV have filed their opposition to the Government's motion.

Because the Government easily satisfies Rule 15, the court need not wait for the reply brief and grants the Government leave to file its amended answer.

---

[1] The court initially filed this Opinion and Order under seal to allow the parties to propose redactions. The parties informed the court that no redactions are necessary, so the court now re-issues this Opinion and Order in full.

I.  **Motion to Amend**

The Government seeks leave to amend its answer to add an affirmative defense, ECF No. 35-1 ¶ 120, and fraud counterclaims under 28 U.S.C. § 2514, ECF No. 35-1 ¶¶ 143-48, and 41 U.S.C. § 7103(c)(2), ECF No. 35-1 ¶¶ 149-52.  Rule 15 permits amending a pleading "with the opposing party's written consent or the court's leave."  RCFC 15(a)(2).  Because the Plaintiffs object to the Government's motion, the court must decide whether to grant the Government leave to amend its answer.

Rule 15 encourages the court to "freely give leave when justice so requires."  RCFC 15(a)(2).  This court, therefore, starts its analysis with a presumption that it will grant leave to amend.  *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984).[2]  Because the parties do not dispute the proper standard and the parties need a rapid resolution to this dispute, the court does not delve into the nuanced standards of Rule 15.  Suffice it to say, unless there is a specific reason not to allow amendment, this court will allow the Government to amend its answer and assert its counterclaims.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs contend that amendment here would not be appropriate because the proposed amendment would be futile, the Government unduly delayed its motion for leave to amend, and they would be unduly prejudiced by allowing the Government to amend.  ECF No. 38 at 10, 13-14.  The court disagrees on all counts.

First, there is nothing futile about the Government's proposed amendment.  These consolidated cases involve delay claims regarding two projects, one relating to a fuel storage facility and one related to a medical facility.  The alleged fraud that the Government seeks to assert in its proposed counterclaims is straightforward: Ergotem relied on a letter from Trane ("the Trane Letter") regarding delays in its ability to deliver an air handling unit for use only on the medical facility project to support its certified claim for delays on the fuel storage project.  ECF No. 35-1 ¶¶ 125-26, 130-36, 142-52.  The Government also seeks to allege that Ergotem removed transmittal documents from its certified claim that would have shown that the equipment was for the medical facility project rather than the fuel storage project to conceal the fact that these delays were irrelevant to that project.  ECF No. 35-1 ¶¶ 125-28, 130-31, 134-39.  The Government also seeks to allege that Ergotem made the submission with the intent to submit a false statement.  ECF No. 35-1 ¶ 142.  Ergotem also relies on the delay of the air handling unit delivery in its complaint, No. 23-2169, ECF No. 1 ¶¶ 40-42, and in its certified interrogatory responses, ECF No. 35-1 ¶¶ 139, 141.  If true, there is nothing futile about the Government's proposed counterclaims.  It is irrelevant that if Ergotem withdrew the Trane Letter from its certified claim regarding the fuel storage project that it would seek the same relief.  ECF No. 38 at 11-12.  *If* the Government is correct that Ergotem submitted a false claim for the fuel storage contract, that false claim would likely result in the forfeiture of the claim under 28 U.S.C. § 2514.  In the end, there is nothing futile about the proposed amendments.

---

[2] Because this court's Rule 15 is materially the same as Rule 15 of the Federal Rules of Civil Procedure, this court relies upon cases interpreting that rule as well.  *Taylor v. United States*, 959 F.3d 1081, 1091 (Fed. Cir. 2020).

Plaintiffs' claims of futility rest on the assertion that the Government "is unable to prove Ergotem intended to deceive or mislead the Government." ECF No. 38 at 11. In other words, what the Government considers an intent to deceive, Plaintiffs claim is an innocent mistake. Whether the Government can prove its counterclaims is a very different question than whether the court should allow the Government to assert those counterclaims. For Rule 15 purposes, the court need only consider whether the counterclaims are futile, not whether the Government has proven them. And the Government's proposed counterclaims are not "so wholly and patently lacking in merit that [they] cannot possibly succeed." *Centech Grp., Inc. v. United States*, 78 Fed. Cl. 658, 661 (2007). Indeed, under Rule 15 this court's function is not to "engage in an extensive analysis of the merits of the proposed amendments." *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994). And according to the Government, the intent here is plausibly shown by the submission of the Trane Letter as part of Ergotem's fuel storage certified claim, relying on the delays in the air handling unit delivery in the complaint in the fuel storage case (No. 23-2169), and identifying those delays as support for the fuel storage claim in certified interrogatory responses. There is nothing futile about the proposed counterclaims.

Second, Plaintiffs' claim of untimeliness is without merit. Plaintiffs argue that the Government's proposed amendment is untimely because the Project Manager for the JV's contract, Mr. Hadjidimoulas, ECF No. 38-1 ¶¶ 1, 3, submitted the Trane Letter with the transmittal showing that it was for the medical facility project to the Navy in November 2022. ECF No. 38 at 6-7, 14; *see also* ECF No. 35-1 ¶ 16; ECF No. 38-1 ¶ 3; ECF No. 38 Ex. C. But that does not make the Government's motion untimely because there is nothing that Plaintiffs point to establishing that the JV's 2022 submission made in connection with the medical facility project is sufficient to put the Government on notice regarding the relevance, or lack thereof, of that document to the fuel storage project. Whether the Government's purported notice of the Trane Letter in 2022 affects its counterclaims will be addressed on the merits, not as a means to prevent amending the answer.

Nor does the record support finding that the Government has not proceeded with due haste. In the fuel storage case, Ergotem's certified claim relies on the Trane Letter, and its complaint asserts the delayed air handling unit delivery, which depends on the delay reflected in the Trane Letter, as support for its claim. *See* ECF No. 35-1 ¶¶ 136, 138-39; No. 23-2169, ECF No. 1 ¶¶ 40-42. Ergotem did not produce any emails in these cases until December 6, 2024. ECF No. 35 at 8. The Government filed its motion on February 6, 2025. The court will not fault the Government for a "reasonable and careful investigation" into the facts of this matter. *St. Paul Fire & Marine*, 31 Fed. Cl. at 154; *see also Hanover Ins. Co. v. United States*, 134 Fed. Cl. 51, 60-61 (2017) (finding no delay in bringing fraud counterclaims when the motion to amend was filed 223 days after first suspecting the fraud, and nearly five years after the certified claim was filed with the contracting officer). Here, getting the records sufficient to allege the fraud, obtaining authorization to assert the counterclaims, and moving to amend all in 62 days is not an unreasonable delay.

Third, Plaintiffs claim that because the proposed amendment comes near the end of fact discovery and will require additional discovery, Plaintiffs would be unduly prejudiced by allowing the Government to assert its proposed counterclaims. Plaintiffs do not point to any case in which a proposed counterclaim for fraud was denied as *unduly* prejudicial, and this court has not found a single case for that proposition. It would appear wholly incongruous to reward an

alleged fraudster who succeeded in concealing its fraud until the end of discovery. And this prejudice is easily remedied—the court will extend discovery *if necessary* to avoid prejudice to *either* party.

Because the Government easily carries its burden under Rule 15, the court grants it leave to file an amended answer in Case No. 23-2169.

## II.     Request to Stay Discovery and Vacate Deadlines

In its motion, the Government requests an order vacating all discovery deadlines and staying all pending discovery. ECF No. 35 at 1. It does not, however, develop this argument. Since the Government filed its motion, the court held a conference with the parties in which it indicated it would be unlikely to stay all discovery. After that conference, the Government filed a motion to compel production of certain information it claims Plaintiffs have improperly withheld, for a protective order limiting certain discovery Plaintiffs seek as unduly burdensome, and for additional time to get discovery sought in its motion to compel. ECF No. 39. Therefore, the court will address pending discovery issues when resolving that motion and considers the undeveloped request to stay all discovery in this motion moot.

## III.    Conclusion

For the foregoing reasons, the court grants the Government's motion for leave to file an amended answer in Case No. 23-2169, ECF No. 35. The court directs the Government to file its amended answer on the docket.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
